FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 15 2019 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------x

NILGUN SALI, individually and on behalf of all others similarly situated,

                   Plaintiff,

vs.

ZWANGER & PESIRI RADIOLOGY GROUP, LLP; VANVORST LAW FIRM, PLLC; and JOHN DOES 1-50,

                   Defendants.

---------------------------------------x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

CV19 0275

BIANCO, J.
LINDSAY, M.J.

## I. PRELIMINARY STATEMENT

1. Plaintiff, NILGUN SALI, on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, ZWANGER & PESIRI RADIOLOGY GROUP, LLP ("ZWANGER") VANVORST LAW FIRM PLLC ("VANVORST"), and JOHN DOES 1-50 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated consumers.

2. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications which give the false, misleading, and deceptive impression that a law firm was collecting their debts.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and

invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. Plaintiff is a natural person.

10. At all times relevant to this lawsuit, Plaintiff was a citizen of, and resided in, the Hamlet of East Meadow, Nassau County, New York.

11. At all times relevant to this complaint, ZWANGER was a limited liability partnership existing pursuant to the laws of the State of New York.

12. Plaintiff is informed and believes, and on that basis alleges, that ZWANGER maintains its principal business address at 150 East Sunrise Highway, Village of Lindenhurst, Suffolk County, New York.

13. At all times relevant to this complaint, VANVORST was a professional limited liability company existing pursuant to the laws of the State of New York.

14. Plaintiff is informed and believes, and on that basis alleges, that VANVORST maintains its principal business address inside of ZWANGER's business at 150 East Sunrise Highway, Village of Lindenhurst, Suffolk County, New York.

15. Defendants, JOHN DOES 1-50, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. Plaintiff is informed and believes, and on that basis alleges, that JOHN DOES 1-50 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of ZWANGER and VANVORST that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ZWANGER and VANVORST and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

19. ZWANGER provides radiology services on Long Island.

20. Sometime prior to December 17, 2018, ZWANGER undertook to collect an obligation from Plaintiff.

21. The alleged Obligation arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely medical services that ZWANGER provided to Plaintiff.

22. The alleged Obligation is a "debt" as defined in 15 U.S.C. § 1692a(5).

23. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. On or about December 17, 2018, ZWANGER caused a collection letter ("the Letter") to be sent to Plaintiff.

25. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

26. At the top of the the Letter, the following information appears:

> VANVORST LAW FIRM PLLC
> 150 E. Sunrise Hwy. Suite 2B
> Lindenhurst, NY 11757
> 516-360-1145
> www.vanvorstlaw.com
> Office Hours: Tuesday – Saturday 8am-4pm EST

27. The first sentence of the body of the Letter states: "This account has been referred to this office for collection."

28. The end of the Letter states:

> As of the date of this letter, according to our client's records, the above amount is the total amount of the debt owed for this service. No interest or other amounts are accruing at this time.
>
> Very truly yours,
>
> VanVorst Law Firm

29. Plaintiff is informed and believes, and on that basis alleges, that contrary to the first sentence of the letter, ZWANGER did not refer Plaintiff's account to VANVORST for collection.

30. Daniel VanVorst is directly employed by Zwanger and on that basis Plaintiff alleges, that the only person in the employ of VANVORST is its purported principal, Daniel VanVorst.

31. VANVORST only operates under the exclusive control of ZWANGER.

32. Plaintiff is informed and believes, and on that basis alleges, that VANVORST does not have an office in a Suite 2B as Suite B does not exist nor does VANVORST maintain a law firm anywhere in the building located at 150 East Sunrise Highway in Lindenhurst, New York.

33. Rather, Plaintiff is informed and believes, and on that basis alleges, that the address on the Letter is that of a building occupied by ZWANGER and contains ZWANGER's principal offices.

34. Plaintiff is informed and believes, and on that basis alleges, that ZWANGER caused the Letter to be mailed to Plaintiff without any meaningful VANVORST involvement.

35. Plaintiff is informed and believes, and on that basis alleges, that any payment mailed to VANVORST at 150 East Sunrise Hwy. Suite 2B in Lindenhurst, New York is received and processed only by ZWANGER employees.

36. Calls during "Office Hours" to the telephone number on the Letter, 516-360-1145, are answered by ZWANGER employees—not any person employed by VANVORST.

37. Plaintiff is informed and believes, and on that basis alleges, that VANVORST's only involvement with collecting debts for ZWANGER was to create a template law firm collection letter like that attached hereto as *Exhibit A* and to allow ZWANGER to mass-produce and send letters based on the template which falsely represents ZWANGER has retained an independent third-party lawfirm to collect debts on its behalf.

38. Daniel VanVorst is directly employed by ZWANGER, most recently as its director of human resources and general counsel.

39. The Letter is intended to cause, and would in fact cause, the least sophisticated consumer to falsely believe that ZWANGER had retained a third-party law firm to collect her debt and, if the debt went unpaid, to eventually file a lawsuit to collect the debt.

40. Such false belief is caused by the totality of the Letter including, but not limited to, (A) the letterhead appearing to be that of VANVORST; (B) the Letter appearing to be signed by VANVORST; the statement that "This account has been referred to this office for collection";

(D) the statement that "As of the date of this letter, according to our client's records, the above amount is the total amount of the debt owed for this service."

41. ZWANGER is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

42. VANVORST is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts."

43. By appearing to be from an independent, third-party law firm, the Letter is intended to create, and does in fact create, a greater sense of urgency on the part of the least sophisticated consumer to pay the alleged debt.

44. The Letter is materially false, deceptive, and misleading to the least sophisticated consumer, who often has more debts to pay than money to pay them.

45. A rational person with limited financial resources would, based on the Letter, choose to pay the ZWANGER debt over an otherwise identical debt which was not being collected by an (alleged) law firm.

46. ZWANGER's use of a form letter like the Letter—which falsely suggests it is from a law firm—competitively disadvantages debt collectors who collect debts without misleading the consumer into believing that a letter is from a law firm.

47. The Letter was ZWANGER's first written communication to Plaintiff in ZWANGER's capacity as a debt collector.

48. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

49. The Letter states in relevant part:

        Re: Zwanger-Pesiri Radiology Group, LLP
        And: Nilgun Sali

Date of Service: 4/27/2018<br>
Account # XXXX331

50. The Letter fails to identify the name of the creditor to whom the debt is owed.

51. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with ZWANGER's attempt to collect a debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(9), 1692e(10), 1692f, 1692g and 1692j by sending consumers letters, such as *Exhibit A*, that falsely state that a third-party law firm is engaged in the collection of debts owed, or allegedly owed, to ZWANGER.

53. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

54. Consequently, on information and belief, ZWANGER caused the same form collection letter to be mailed to others who, like Plaintiff reside in New York.

## VI. CLASS ALLEGATIONS

55. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

56. The Class consists of (a) all individuals with addresses in the State of New York (b) to whom Defendants (c) sent a collection letter in the form of *Exhibit A*, which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

57. The identities of all class members are readily ascertainable from the records of

Defendants.

58. Excluded from the Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

(a) **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(9), 1692e(10), 1692f, and 1692j.

(c) **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of her class certification motion: (i) seek to modify the definition of the Class (defined *supra*) to be more inclusive or less inclusive; seek to modify the definition of the Class claims (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

62. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

63. Defendants violated the FDCPA. Defendants' violations with respect to its written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making the false representation or implication that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

(d) Using or distributing any written communication which creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. § 1692e(9);

(e) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(f) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(g) Failing to disclose the name of the creditor to whom the debt is owed in violation of 15 U.S.C § 1692g(a)(2); and

(h) Designing, compiling, and furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating, in violation of 15 U.S.C. § 1692j.

## VIII. PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

   (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class previously set forth and defined *supra*;

   (ii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   (iii) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

   (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   (v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:  Uniondale, New York
        January 14, 2019

                                                                                             /s/ Abraham Kleinman
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Nilgun Sali*