```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NILGUN SALI, individually and on
behalf of all others similarly situated,

                    Plaintiff,
                                                    MEMORANDUM AND ORDER
        -against-                                   Case No. 19-275 (FB) (CLP)

ZWANGER & PESIRI RADIOLOGY
GROUP, LLP; VANVORST LAW
FIRM, PLLC; and JOHN DOES, 1-50,

                    Defendants.
---------------------------------------------------x
```

*Appearances:*

For the Plaintiff:
FRANCIS R. GREENE
Stern Thomasson LLP
150 Morris Avenue, Second Floor
Springfield, New Jersey 07081

ABRAHAM KLEINMAN
Kleinman LLC
626 RXR Plaza
Uniondale, New York 11556

*For Defendant Zwanger & Pesiri Radiology Group, LLP:*
PATRICK McCORMICK
RICHARD A. DeMAIO
4175 Veterans Memorial Highway
Ronkonkoma, New York 11779

*For Defendant VanVorst Law Firm, PLLC:*
JAMIE R. WOZMAN
Lewis Brisbois Bisgaard & Smith LLP
770 Water Street, Suite 2100
New York, New York 10005

**BLOCK, Senior District Judge:**

Nilgun Sali has sued Zwanger & Pesiri Radiology Group, LLP ("Zwanger"), and VanVorst Law Firm, PLLC ("VanVorst"), under the Fair Debt Collection Practices Act ("FDCPA"). Both defendants have moved to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6). Their motions raise the following issues for the Court's resolution:

1. Zwanger argues that it is not a "debt collector" under the FDCPA because it was merely a creditor that hired VanVorst to collect its debts. "As a general matter, creditors are not subject to the FDCPA. However, a creditor becomes subject to the FDCPA if the creditor 'in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (quoting 15 U.S.C. § 1692a(6)). A creditor can be liable under this "false name exception" if it "owns and controls the debt collector, rendering it the creditor's alter ego." *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 659 (S.D.N.Y. 2004) (citing *Maguire*, 147 F.3d at 234-36).

The complaint alleges that "VanVorst operates under the exclusive control of Zwanger." Compl. ¶ 31. That allegation is conclusory but it is supported by many specific factual allegations. The collection letter at issue purported to come from "VanVorst Law Firm PLLC," located at "150 E. Sunrise Hwy. Suite 2B, Lindenhurst NY 11757," with a phone number of "516-360-1145." Compl., Ex. A. Yet the complaint alleges that the only person at VanVorst is Daniel VanVorst, who is employed as Zwanger's general counsel. Compl. ¶¶ 30, 38. It further alleges that there is no "Suite 2B" at 150 East Sunrise Highway and that the address

2

is, in fact, owned and occupied by Zwanger. Compl. ¶¶ 32-33. Finally, it alleges that calls to the phone number on the collection letter are answered by Zwanger employees. Compl. ¶ 36.

Contrary to Zwanger's contention, those allegations are sufficient to create a plausible inference that VanVorst is under Zwanger's exclusive control. While Zwanger has offered a retainer agreement evidencing a typical lawyer-client relationship with VanVorst and a lease showing that VanVorst rents office space from it, those documents are not referenced in or integral to the complaint, and so cannot be considered on a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).[1]

2. Both defendants argue that the collection letter does not violate the FDCPA. In response, Sali argues that the complaint adequately alleges the following violations:[2]

a. The FDCPA requires debt collectors to identify "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The collection letter states that it is "Re: Zwanger-Pesiri Radiology Group, LLP." Compl., Ex. A.

---

[1]Sali would be well-advised to remember that those documents can and will be considered on a motion for summary judgment.

[2]The Court deems abandoned any claimed violations not addressed in Sali's memorandum of law. *See Hughes v. Bricklayers & Allied Craftworkers Local No. 45*, 386 F.3d 101, 104 n.1 (2d Cir. 2004).

3

It does not identify Zwanger as the creditor or even mention it again by name. The body of the letter refers to "our client," but does not make clear who that client is. The Court concludes that the least sophisticated consumer might not make the connection to Zwanger. *Accord Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005); *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 WL 6069180, *4-*5 (E.D.N.Y. Oct. 17, 2016).

      b.    The FDCPA prohibits the use of "false, deceptive, or misleading representation[s] or means" to collect a debt. 15 U.S.C. § 1692e. It specifically prohibits using a collection letter that "creates a false impression as to its source." *Id.* § 1692e(9). As explained above, Sali has plausibly alleged that VanVorst was under Zwanger's exclusive control. Therefore, a letter from an ostensibly independent law firm might mislead the least sophisticated consumer as to its source. In addition, VanVorst could be liable under 15 U.S.C. § 1692j, which makes it unlawful to "to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt."[3]

---

[3]Of course, if the defendants establish, on summary judgment or as a matter of fact, that VanVorst was an independent law firm, then the letter was not

For the following reasons, both motions to dismiss are denied.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 20, 2020

---

misleading as to its source and there would be no liability under either § 1692e or § 1692j. See *Mazzei*, 349 F. Supp. 2d at 660 ("Rather, The Money Store hired Moss Codilis to send out debt collection letters, which Moss Codilis did under its own name.").

5