UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NILGUN SALI, *individually and on behalf of all others similarly situated*,

                       Plaintiff,

             -against-

ZWANGER & PESIRI RADIOLOGY GROUP, LLP; VANVORST LAW FIRM, PLLC; *and* JOHN DOES, 1-50,

                     Defendants.
--------------------------------------------------------X

               **REPORT AND**
            **RECOMMENDATION**
            19 CV 275 (FB) (CLP)

**POLLAK,** Chief United States Magistrate Judge:

    On January 15, 2019, plaintiff Nilgun Sali commenced this action, individually and on behalf of all others similarly situated, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., against defendants Zwanger & Pesiri Radiology Group, LLC ("Zwanger"), VanVorst Law Firm PLLC ("VanVorst"), and John Does 1-50 (collectively, "defendants"). (See Compl.[1] ¶¶ 1-2).

    Before this Court is plaintiff's motion for class certification (ECF No. 55), and defendants' cross motions to bifurcate discovery or, in the alternative, stay discovery and hold plaintiff's motion for class certification in abeyance. (See ECF Nos. 52, 53). Also before this Court is defendant VanVorst's motion to quash three third-party subpoenas. (See Quash Mot.[2]).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed Jan. 15, 2019, ECF No. 1.
[2] Citations to "Quash Mot." refer to VanVorst's letter motion to quash, filed Sept. 17, 2021, ECF No. 64).

For the reasons set forth below, this Court respectfully recommends that plaintiff's motion for class certification be denied without prejudice to refile pending resolution of defendants' forthcoming motions for summary judgment and defendants' motion to stay discovery generally be granted.  In the alternative, the Court recommends that plaintiff's motion for class certification be denied and the case Ordered to proceed.  As to the third-party subpoenas, this Court denies VanVorst's motion to quash and Orders the third-parties subject to plaintiff's subpoenas to comply with the subpoenas and produce the requested records by January 31, 2022.  Plaintiff is also Ordered to provide any documents already produced pursuant to the subpoenas to defendants by January 17, 2022.

## FACTUAL BACKGROUND

Plaintiff alleges that defendants engaged in "unfair and deceptive acts and practices" in violation of the FDCPA by sending "consumer letters . . . that falsely state that a third-party law firm is engaged in the collection of debts owed, or allegedly owed" to defendant Zwanger. (Compl. ¶ 52).  Specifically, according to plaintiff, a Collection Letter ("Letter") sent by defendant VanVorst "fails to identify the debt's current creditor [as required by the FDCPA and] is an attempt by Zwanger to collect a debt from [plaintiff] through the guise of an allegedly independent law firm."  (Pl.'s Mem.[3] at 3).

Plaintiff Sali is a natural person who is a citizen of, and resides in, the Hamlet of East Meadow, Nassau County, New York.  (Compl. ¶ 9).  Defendant Zwanger is a limited liability partnership organized under New York law that maintains its principal business address at 150

---

[3] Citations to "Pl.'s Mem." refer to plaintiff's motion to certify the class, filed May 10, 2021, ECF No. 56.

East Sunrise Highway, Village of Lindenhurst, Suffolk County, New York.  (Id. ¶¶ 11-12).

Defendant VanVorst is a professional limited liability company organized under New York law,

with its principal business address at 150 East Sunrise Highway, Village of Lindenhurst, Suffolk

County, New York, "inside of [Zwanger's] business."[4]  (Id. ¶¶ 13-14).  Defendants John Does 1-

50 are individuals who "personally created, instituted and, with knowledge that such practices

were contrary to law, acted consistent with and oversaw the violative policies and procedures

used by the employees of [defendants]."  (Id. ¶ 16).

Defendant Zwanger provides radiology services on Long Island and the debt in question

arises from "medical services" that Zwanger provided to plaintiff.  (Id. ¶¶ 19-20).  Plaintiff

alleges that at "[s]ometime prior to December 17, 2018, Zwanger attempted to collect the debt

from plaintiff" by sending plaintiff the Letter.  (Id. ¶ 20).  The top of the Letter lists "VanVorst

Law Firm PLLC," with the address "150 E. Sunrise Hwy. Suite 2B, Lindenhurst, New York,

11757," and is signed by "VanVorst Law Firm."  (Id. ¶¶ 26, 28).  Additionally, the Letter sets

forth the amount owed "according to our client's records" and notes that the Letter is "Re:

Zwanger-Pesiri Radiology Group, LLP."  (Id. ¶¶ 27, 49).  The Letter also states that "[t]his

account has been referred to this office for collection" and includes the last 3 digits of the

account number, but plaintiff alleges that "Zwanger did not refer plaintiff's account to VanVorst

for collection."  (Id. ¶¶ 27, 29, 49).

---

[4] As discussed infra, plaintiff's claims rest on the assertion that Zwanger and VanVorst are the same entity.  Although the Complaint distinguishes between the two by stating that Zwanger is a limited liability partnership while VanVorst is a limited liability company (compare Compl. ¶ 11 with id. ¶ 13), the Complaint also states that VanVorst exists "inside" Zwanger's business.  (Id. ¶ 14).  Since the issue of whether the two defendants are the same entity would be dispositive of the case, this Court does not pass on the relevance of this inconsistency.

Instead, according to plaintiff, "VanVorst only operates under the exclusive control of Zwanger." (Id. ¶ 31). Thus, any "payment mailed to VanVorst . . . is received and processed only by Zwanger employees." (Id. ¶ 35). Plaintiff alleges that, as a result, the Letter is "materially false, deceptive, and misleading to the least sophisticated consumer" because it "falsely suggests it is from a law firm," "fails to identify the name of the creditor to whom the debt is owed," and deprives plaintiff "of truthful, non-misleading, information in connection with Zwanger's attempt to collect a debt." (Id. ¶¶ 44, 46, 50-51).

Defendants dispute these allegations, contend that they operate separately, and argue that Zwanger maintains no control over VanVorst. (See Zwanger Mot. to Dismiss[5] at 11-12; VanVorst Mot. to Dismiss[6] at 8-9). Zwanger therefore argues that it is "not a debt collector" under the FDCPA because, as a creditor, it simply hired VanVorst to collect the debt it was owed. (Zwanger Mot. to Dismiss at 2, 5). Further, defendants assert that the Letter was not misleading because it does not falsely suggest it is from the independent law firm of VanVorst; the Letter did in fact come from VanVorst. (VanVorst Mot. to Dismiss at 14; Zwanger Mot. to Dismiss at 22). Defendants also dispute that the Letter does not identify Zwanger as the creditor, noting that the Letter "includes [Zwanger's] name and contains multiple references that indicate [Zwanger] is the creditor." (Zwanger Mot. to Dismiss at 20; see VanVorst Mot. to Dismiss at 12).

---

[5] Citations to "Zwanger Mot. to Dismiss" refer to Zwanger's Memorandum of Law in Support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), filed Sept. 13, 2019, ECF No. 29-9.

[6] Citations to "VanVorst Mot. to Dismiss" refer to VanVorst's Memorandum of Law in Support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), filed Sept. 13, 2019, ECF No. 30-8.

## PROCEDURAL BACKGROUND

Plaintiff brought these claims on behalf of a class of "all individuals with addresses in the State of New York . . . to whom Defendants . . . sent a collection letter . . . on or after a date one year prior to . . . and on or before a date 21 days after" the filing of the Complaint. (Compl. ¶ 56). According to plaintiff, the identities of these class members are "readily ascertainable" from defendants' records. (Id. ¶ 57). On September 13, 2020, both defendants filed motions to dismiss the action (see VanVorst Mot. to Dismiss; Zwanger Mot. to Dismiss), which the Honorable Frederic Block denied on November 20, 2020. See Sali v. Zwanger & Pesiri Radiology Grp. LLP, No. 19 CV 275, 2020 WL 6826272, at *2 (E.D.N.Y. Nov. 20, 2020).[7]

On December 18, 2020, this Court held a status conference at which the Court gave defendants a deadline to Answer, set a discovery schedule, and stated that the parties were to submit a letter regarding bifurcation. (See Electronic Minute Entry, dated Dec. 21, 2020). On March 11, 2021, plaintiff filed a motion for a pre-motion conference to discuss plaintiff's proposed class certification motion. (See ECF No. 44). On March 17 and 18, 2021, both defendants filed motions in opposition to the request for a pre-motion conference and requested bifurcation of discovery. (See ECF Nos. 47-48). Plaintiff thereafter replied, stating that bifurcation was unnecessary because plaintiff's "class discovery is complete." (ECF No. 49). On March 22, 2021, this Court denied plaintiff's motion for a pre-motion conference, and set a briefing schedule for the class certification motion. (See Electronic Minute Entry, dated Mar. 22, 2021).

---

[7] Judge Block's Order is also available at ECF No. 36.

On May 3, 2021, defendants filed their oppositions to plaintiff's motion for class certification and filed separate cross-motions to bifurcate, or, in the alternative, stay class action discovery and hold plaintiff's motion for class certification in abeyance.  (See ECF Nos. 52, 53).  On May 3, 2021, the Honorable Frederic Block referred defendants' motions to this Court.  (See Electronic Order, dated May 3, 2021).  On May 10, 2021, plaintiff filed a motion for class certification.  (See ECF No. 55).[8]  That motion was then referred to the undersigned on May 11, 2021.  (See Electronic Order, dated May 11, 2021).

On May 11, 2021, defendant Zwanger filled a letter seeking leave to file a reply in support of its motion to bifurcate discovery, which this Court denied on May 13, 2021.  (See ECF No. 59).  Also, on May 11, 2021, plaintiff sought leave to file a reply in support of the motion for class certification and in opposition to defendant VanVorst's cross-motion to bifurcate discovery, because VanVorst's motion, as a result of a clerical error, was filed *ex parte*.[9]  (See ECF No. 60).  On May 27, 2021, pursuant to an Order from this Court, plaintiff filed her reply as to VanVorst's motion.  (See Pl.'s Reply VanVorst;[10] Electronic Order, dated May 13, 2021).  Plaintiff had already filed her reply as to defendant Zwanger's motion on May 10, 2021.  (See Pl.'s Reply Zwanger[11]).[12]

---

[8] Although, plaintiff's motion was filed on the docket after defendants' oppositions were filed, defendants received the motion on April 12, 2021, two weeks before they filed their oppositions.  (See ECF No. 54).

[9] According to VanVorst, the motion was served on plaintiff on May 3, 2021.  (See ECF No. 58).

[10] Citations to "Pl.'s Reply VanVorst" refer to plaintiff's reply to defendant VanVorst in support of her motion for class certification, filed May 27, 2021, ECF No. 61.

[11] Citations to "Pl.'s Reply Zwanger" refer to plaintiff's reply to defendant Zwanger in support of her motion for class certification, filed May 10, 2021, ECF No. 57.

[12] Plaintiff argues that defendant Zwanger's motion to bifurcate is "procedurally improper" because defendant failed to seek leave to file the motion and failed to request a pre-motion conference.

On September 17, 2021, defendant VanVorst filed a motion to quash three third-party subpoenas.  (See Quash Mot.).  VanVorst argues that the three subpoenas, served on Martin Mack, VanVorst's tax preparer, Apple Bank for Savings, VanVorst's bank, and 150 E. Sunrise LLC, the building where VanVorst rents office space, seek information that is irrelevant, confidential, and disproportionate to the needs of this case.  (Id. at 1-2).  Plaintiff opposed the motion on October 5, 2021 and defendant filed a reply in support on October 12, 2021.  (Quash Opp.;[13] Quash Reply[14]).

DISCUSSION

Defendants oppose plaintiff's motion to certify a class in this matter and seek to bifurcate discovery or, in the alternative, hold plaintiff's motion for class certification in abeyance and stay

---

(Pl.'s Reply Zwanger at 7-8).  However, this Court does not require pre-motion conferences, and Judge Block's rule regarding pre-motion conferences does not apply to discovery motions.  (See id. at 7 (citing Judge Block's Individual Motion Practices and Rules ¶ 2.A.)).  Since defendants' motions to bifurcate discovery are discovery motions, no pre-motion conference was required.  Moreover, this Court had previously ordered the parties "to submit a letter regarding bifurcation."  (See Electronic Orders, dated Dec. 21, 2020 & Mar. 22, 2021).  Plaintiff also argues that this Court "effectively den[ied] defendant's motion to bifurcate" when the Court allowed plaintiff to file her class certification motion, given that defendants' opposition was based on the request for bifurcation.  (Pl.'s Reply Zwanger at 9).  Plaintiff's argument ignores this Court's May 13, 2021 Order which made it clear that "[n]o pre-motion conference is necessary on motions to bifurcate discovery; the Court does not require further briefing on the propriety of the cross-motion."  (Electronic Order, dated May 13, 2021).   Since this Court has not previously ruled on the motion to bifurcate discovery and no pre-motion conference was required, defendant Zwanger's motion is not procedurally improper and is addressed below.

[13] Citations to "Quash Opp." refer to plaintiff's response in opposition to VanVorst's motion to quash, improperly filed as a response in opposition to the motion to bifurcate, filed Oct. 5, 2021, ECF No. 65.

[14] Citations to "Quash Reply" refer to VanVorst's reply in support of its motion to quash, filed Oct. 12, 2021, ECF No. 67-13.

class discovery.  (See Pl.'s Mem.; VanVorst Disc. Mem.[15] at 10; Zwanger Disc. Mem.[16] at 1).

Plaintiff asserts that discovery is largely completed.  (See Pl.'s Reply VanVorst at 6; Pl.'s Reply

Zwanger at 9).  While defendants acknowledge that the parties have "completed paper

discovery," they contend that depositions and any post-deposition discovery are still outstanding.

(Zwanger Disc. Mem. at 5; see VanVorst Disc. Mem. at 2).  Thus, the Court analyzes

defendants' motions as motions to stay additional discovery, including any discovery necessary

as a result of class certification, and to hold the class certification motion in abeyance pending

resolution of the defendants' motions for summary judgment.  See Cunningham v. Big Think

Cap. Inc., No. 21 CV 2162, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (noting that

bifurcation "is properly understood as a stay of class discovery pending resolution" of the

dispositive motion).  Additionally, although discovery is purportedly nearly complete, there is

also an outstanding motion to quash three third-party subpoenas.  (See Quash Mot.).

    Accordingly, this Court first addresses plaintiff's motion for class certification and

defendants' motion to stay additional discovery.  The Court also addresses plaintiff's motion for

class certification in the event that the district judge determines that the class certification motion

should be considered at this time.

## I.     Stay of Remaining Discovery and Holding Plaintiff's Motion in Abeyance

    Both defendants argue that discovery should be stayed and plaintiff's motion for class

certification held in abeyance so that defendants can file summary judgment motions "on the

---

[15] Citations to "VanVorst Disc. Mem." refer to defendant VanVorst's motion opposing class certification and requesting to bifurcate discovery, filed May 3, 2021, ECF No. 53.10.

[16] Citations to "Zwanger Disc. Mem." refer to defendant Zwanger's motion opposing class certification and requesting to bifurcate discovery, filed May 3, 2021, ECF No. 52-18.

dispositive issue of whether Zwanger-Pesiri used a 'false name' and whether the Collection Letter violated the FDCPA as a matter of law." (VanVorst Disc. Mem. at 10; see Zwanger Disc. Mem. at 1).[17]  Defendants argue that "if merits[-]based discovery reveals that there is no FDCPA liability," then court and party resources will be conserved. (Zwanger Disc. Mem. at 7; VanVorst Disc. Mem. at 13).  Plaintiff, on the other hand, cites Federal Rule of Civil Procedure 23, which requires the court to "determine whether to certify the class at 'an early practicable time'" and notes that plaintiff's Complaint was filed more than two years ago. (Pl.'s Reply VanVorst at 6; Pl.'s Reply Zwanger at 9).  Plaintiff argues that she will be prejudiced by a delay, stating that "it could be an additional one to two years before a decision is rendered."  (Pl.'s Reply VanVorst at 6; Pl.'s Reply Zwanger at 10).  Lastly, plaintiff asserts that, because discovery is nearly complete, "*no* resources will be saved."[18]  (Pl.'s Reply VanVorst at 7; Pl.'s Reply Zwanger at 11 (emphasis in original)).

(a) Standard

As a threshold matter, "[c]ourts are not required to decide class certification before reaching the merits of a case." Kurtz v. Kimberly-Clark Corp., 321 F.R.D. 482, 507 (E.D.N.Y. 2017).  In Schweizer v. Trans Union Corp., the Second Circuit stated that the "decision to award

---

[17] Although neither party argues this point in their motion papers regarding bifurcation and holding the class certification motion in abeyance, plaintiff also asserts that the Letter failed to adequately identify the creditor—Zwanger in this case—as required by the FDCPA. (See Compl. ¶ 50).  The Court will address both claims below.

[18] Plaintiff also argues that defendant VanVorst has "conceded class certification" and therefore granting defendant Zwanger's motion to stay class certification would burden plaintiff due to the potential for repetitive notices to be sent to the class members, a cost that plaintiff must bear.  (See Pl.'s Reply Zwanger at 10).  However, VanVorst has filed a motion in opposition to plaintiff's class certification motion and has not withdrawn that motion; VanVorst therefore has not conceded class certification.

summary judgment before acting on class certification was well within the discretion of the

district court" and held that plaintiff's argument that class certification need be addressed before

summary judgment was "without merit."  136 F.3d 233, 239 (2d Cir. 1998); see also Carollo v.

United Cap. Corp., 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (stating that "there is no point in

reaching a decision on class certification if the claims the class would bring are fundamentally

meritless" when addressing class certification and summary judgment motions); Winslow v.

Forster & Garbus, LLP, No. 15 CV 2996, 2017 WL 6375744, at *6 (E.D.N.Y. Dec. 13, 2017)

(deciding legal questions on motion for summary judgment before addressing class certification

issue).

Rule 26(c) of the Federal Rules of Civil Procedure governs requests for a stay of

discovery, and this court has found a stay to be "appropriate pending resolution of a potentially

dispositive motion where the motion appears to have substantial grounds . . . or [the motion]

does not appear to be without foundation in law."  Chow v. SentosaCare, LLC, No. 19 CV 3541,

2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020).  A court may stay discovery "for good cause"

where a party has "filed a dispositive motion, the stay is for a short period of time, and the

opposing party will not be prejudiced by the stay."  Boelter v. Hearst Commc'ns, Inc., No. 15

CV 03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016); see § 2040 Limitation of Scope of

Discovery, 8A Fed. Prac. & Proc. Civ. § 2040 (3d ed.) (stating that "when one issue may be

determinative of a case, the court has discretion to stay discovery on other issues until the critical

issue has been decided").  In determining whether a stay is appropriate, a court may consider "(1)

whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the

10

breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Sols., Inc., No. 13 CV 649, 2014 WL 1338370, at *6 (E.D.N.Y. Mar. 31, 2014) (quoting Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006)); see also Spinelli v. National Football League, No. 13 CV 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

Similarly, holding class certification in abeyance is appropriate where resolution of the dispositive issue will "necessarily inform and perhaps moot" class certification issues and where the party opposing abeyance would not be prejudiced. Authors Guild, Inc. v. Google Inc., 721 F.3d 132, 134-35 (2d Cir. 2013); see Schultz v. Stoner, No. 00 CV 0439, 2009 WL 455163, at *17 (S.D.N.Y. Feb. 24, 2009) (noting class certification was held in abeyance pending resolution of summary judgment motions); see also Taubenfliegel v. Miller & Milone, P.C., No. 18 CV 1884, 2018 WL 6605856, at *2-3 (E.D.N.Y. Dec. 17, 2018) (deciding motion for summary judgment and denying plaintiff's motion to stay summary judgment until after class certification as moot).

Although this standard has applied to holding a class certification motion in abeyance, courts have also denied class certification without prejudice to renew once the dispositive issue has been decided. See, e.g., Reese v. Arrow Fin. Servs., LLC, 202 F.R.D. 83, 93 (D. Conn. 2001) (denying plaintiff's class certification motion without prejudice "to renew after liability has been decided"). In Authors Guild, Inc. v. Google Inc., the Second Circuit vacated the district court's class certification Order, "without prejudice to any renewal of the motion for class certification . . . *following* its decision" on the dispositive issue. 721 F.3d at 135. Although the

Second Circuit stated that it was holding the motion in abeyance, it effectively denied the class certification motion with leave to renew.  Additionally, an "order denying certification, much like an order granting certification, is 'inherently tentative' and the court 'remains free to modify it in light of subsequent developments in the litigation.'"  3081 Main St., LLC v. Business Owners Liab. Team LLC, No. 11 CV 1320, 2012 WL 4755048, at *2 (D. Conn. Sept. 24, 2012) (quoting General Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 160 (1982)).  Thus, denying the motion for class certification without prejudice will still enable the court to later review plaintiff's motion for class certification, assuming defendants' motions for summary judgment are denied.

Importantly, a dispositive motion need not be filed to stay discovery or hold a class certification motion in abeyance.  See, e.g., Capital One, Nat'l Ass'n v. Halland Cos., LLC, No. 15 CV 5664, 2017 WL 3769229, at *2 (E.D.N.Y. Aug. 28, 2017) (granting stay of discovery before summary judgment motion fully briefed); Shaumyan v. O'Neill, No. 87 CV 463, 1988 WL 166653, at *4 (D. Conn. June 21, 1988) (holding class certification in abeyance until yet-to-be filed motion for summary judgment was resolved); see also Cunningham v. Big Think Cap. Inc., 2021 WL 4407749, at *3 (noting that the "absence of a pending dispositive motion [does not] preclude[]" a stay of class discovery); Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (imposing stay of discovery absent fully briefed motion).  In fact, "because the purpose of early certification is for the benefit of defendants, a defendant may waive this protection and move for a judgment on the merits before a decision on certification is made."  R. A-G ex rel. R.B. v. Buffalo City Sch. Dist. Bd. of

12

Educ., No. 12 CV 960S, 2013 WL 3354424, at *4 (W.D.N.Y. July 3, 2013), aff'd, 569 F. App'x 41 (2d Cir. 2014).

(b) Analysis

First, to determine whether defendants' proposed dispositive motions for summary judgment have "substantial grounds," or do not lack "foundation in law," the Court must consider the merits of defendants' argument that the Letter does not violate the FDCPA as a matter of law.

The FDCPA forbids creditors from engaging in unfair, deceptive or harassing behavior and "requires that a written debt collection notice contain 'the name of the creditor to whom the debt is owed.'" Taubenfliegel v. Miller & Milone, P.C., 2018 WL 6605856, at *2. A notice violates the FDCPA "if it fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Id. (citation omitted). This also includes using a "false name," or listing a third party as debt collector when the individual collecting the debt is really the creditor. See 15 U.S.C. § 1692a(6); Harrison v. NBD Inc., 990 F. Supp. 179, 183 (E.D.N.Y. 1998). The least sophisticated consumer is an objective standard. Taubenfliegel v. Miller & Milone, P.C., 2018 WL 6605856, at *2.

Plaintiff's first alleged FDCPA violation is that the letter does not adequately identify the creditor, Zwanger. (Compl. ¶¶ 49-50). Defendants contend that the Letter "conspicuously lists [Zwanger's] name and Plaintiff's name, as well as Plaintiff's account number, the date of service, and the balance due." (Zwanger Disc. Mot. at 4; VanVorst Disc. Mot. at 4). They also argue that the Letter "clearly indicates the account was referred to VanVorst for collection by its

13

'client.'"  (VanVorst Disc. Mot. at 4).  In his Order denying the defendants' motion to dismiss, the district judge noted that "the least sophisticated consumer might not make the connection to Zwanger" because the Letter "refers to 'our client,' but does not make clear who that client is." Sali v. Zwanger & Pesiri Radiology Grp. LLP, 2020 WL 6826272, at *1.  The district judge cited several cases in which similar language has been sufficient to survive a motion to dismiss the plaintiff's claim that the creditor was not sufficiently identified.  See id.  However, other courts have granted a motion to dismiss where a letter identified the creditor in the subject line with the account number and noted that it was collecting on behalf of "its client," much like the letter in this case.  See Wright v. Phillips & Cohen Assocs., Ltd., No. 12 CV 4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014); see also Taylor v. MRS BPO, LLC, No. 17 CV 01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (granting motion to dismiss where collection letter "strongly suggests" that company identified in the subject line is the creditor, and references company as "client" of debt collector).  Based on this authority, defendants' argument that the Letter does not violate the FDCPA as a matter of law is, at the very least, not without some foundation in law.

Plaintiff's second alleged FDCPA violation is that defendant "ZwangerPesiri—a creditor—violated the FDCPA by using a false name" when it listed the VanVorst law firm at the top of the Letter and indicated that it had referred the debt to VanVorst for collection when, in reality, VanVorst operates under the exclusive control of Zwanger.  Thus, under plaintiff's theory, the Letter was misleading because Zwanger, the creditor, was actually the one collecting the debt.  (See Compl. ¶¶ 39-43; see also Zwanger Disc. Mem. at 6).  Plaintiff asserts that

Daniel VanVorst is actually an employee of Zwanger who does not have his own office in a separate location, and that the only thing VanVorst did was create a template collection letter which is sent out by Zwanger employees.  (Compl. ¶¶ 37, 38).  Defendants argue that this claim is without merit, because VanVorst is a "separate, distinct entity and duly licensed debt collector," and that plaintiff was not misled by the Letter that identifies Zwanger as the creditor and VanVorst as the collector.  (See VanVorst Disc. Mem. at 14).  Defendants also contend that resolution of this "narrow, potentially dispositive issue" should be decided in advance of additional discovery and in advance of class certification.  (VanVorst Disc. Mem. at 10; see Zwanger Disc. Mem. at 5).

A creditor like Zwanger becomes subject to the FDCPA if it uses a name other than its own to imply that a third party is involved in collecting its debts.  Rubin v. Montefiore Med. Ctr., No. 20 CV 2721, 2021 WL 4538603, at *1 (2d Cir. Oct. 5, 2021).  The question of whether VanVorst is actually an independent entity, rather than one controlled by or part of Zwanger, turns on whether:  (1) VanVorst is an alias or assumed name that Zwanger uses to collect its own debts; (2) Zwanger and VanVorst are a "single economic entity;" or (3) Zwanger controls almost every aspect of VanVorst's debt collection practice.  See Harrison v. NBD Inc., 990 F. Supp. at 183.  Essentially, there must be "complete domination over [VanVorst] with respect to the transaction at issue and that such domination was used to commit the wrong that injured the plaintiff."  Id. at 184.  It is not enough for plaintiff to allege that the two companies "share some officers and personnel" or that there is "some administrative overlap in operation."  Id. at 183; see also Ohlson v. The Cadle Co., No. 04 CV 3418, 2008 WL 4516233, at *6 (E.D.N.Y. Sept.

15

30, 2008) (holding that debt collector did not use a false name where other company supplied office space, telephone lines, computers, and personnel to collector); Backuswalcott v. Common Ground Cmty. HDFC, Inc., 104 F. Supp. 2d 363, 369 (S.D.N.Y. 2000) (finding no dominion or control of creditor where there was a sharing of employees and facilities but no evidence of intermingled funds, inadequate capitalization, or failure to follow proper formalities).

If defendants can establish that they are separate entities, plaintiff's second claim would fail at the summary judgment phase.  See Backuswalcott v. Common Ground Cmty. HDFC, Inc., 104 F. Supp. 2d at 370.  Here, the district judge noted in denying the motion to dismiss, that defendants' provision of a retainer agreement and lease showing that VanVorst rented office space from Zwanger provided at least some support for a finding that the two entities are separate.  See Sali v. Zwanger & Pesiri Radiology Grp. LLP, 2020 WL 6826272, at *1 n.1 (stating that these documents would be considered at the summary judgment phase).  Without further information, this Court finds that there are substantial grounds for defendants' proposed summary judgment motions, or at the very least, defendants' motions have some foundation in law as to both claims, and therefore, this factor weighs in favor of both a stay of discovery and an Order holding in abeyance the class certification motion until the merits of the plaintiff's claim can be decided.

Additionally, this is not the sort of "heavily fact bound" case where plaintiff's claims "would [not] be amenable to summary judgment."  Chow v. SentosaCare, LLC, 2020 WL 559704, at *2 (noting that New York Public Health Law claim would not be amenable to summary judgment and declining to impose a stay).  The issue of whether the Letter adequately

16

identifies Zwanger as a creditor is straightforward—the court would need only look to the Letter itself; no additional discovery would be needed. See Eger v. Southwest Credit Sys., L.P., No. 17 CV 0819, 2019 WL 1574802, at *5 (E.D.N.Y. Apr. 11, 2019). Further, the issue of whether defendants are a single entity and used a false name on the Letter may be equally straightforward and resolved on documents produced in connection with the summary judgment motions. See Derosa v. CAC Fin. Corp., 278 F. Supp. 3d 555, 559 (E.D.N.Y. 2017), aff'd, 740 F. App'x 742 (2d Cir. 2018) (stating that whether a least sophisticated consumer would be misled is a question of law and therefore can be decided on summary judgment); cf. Ohlson v. The Cadle Co., 2008 WL 4516233, at *7 (granting summary judgment on issue of whether debtor was properly identified when the allegations were that the identified debt owner was the same as debt collector).

Although this Court is unaware of the extent of discovery conducted to date, both parties acknowledge that written discovery as to plaintiff's own claims are nearly complete, with the exception of some depositions and post-deposition discovery. (See Pl.'s Reply VanVorst at 7; Pl.'s Reply Zwanger at 11; Zwanger Disc. Mem. at 5; VanVorst Disc. Mem. at 2). However, if class certification was authorized, there would necessarily be some class discovery to identify potential class members and an additional expenditure of resources in preparing and sending out notice to the class. (See Pl.'s Reply Zwanger at 11; Pl.'s Reply VanVorst at 7 (noting that plaintiff would have to pay for and send notices)); Annunziato v. Collecto, Inc., 304 F.R.D. 360, 361 (E.D.N.Y. 2015) (requiring additional discovery post-class certification in FDCPA case).

17

While plaintiff is correct that the class certification motion is fully briefed, the Court would be required to expend resources deciding whether a class should be certified,[19] as well as deciding what sort of notice would need to be sent and the proper parameters of the class.  For example, although plaintiff contends that the class consists of "persons who received the letter at issue in New York State" (Pl.'s Class Cert Mem. at 11), this Court has previously found such a definition to be "over inclusive."  Annunziato v. Collecto, Inc., 293 F.R.D. 329, 341 (E.D.N.Y. 2013).

Additionally, should summary judgment produce differing results as to the two claims, the notices prepared by plaintiff would be different from those proposed at this juncture. See Guippone v. BH S&B Holdings LLC, No. 09 CV 1029, 2011 WL 1345041, at *8 (S.D.N.Y. Mar. 30, 2011) (staying class notices pending court's ruling on "any motion that defendant [] may bring for summary judgment"); Mendez v. The Radec Corp., 260 F.R.D. 38, 51 n.8 (W.D.N.Y. 2009) (noting distinctions in how various courts have treated the notice requirement when liability determined before certification, including notifying the class members of the judgment); cf. McAnaney v. Astoria Fin. Corp., 665 F. Supp. 2d 132, 140 (E.D.N.Y. 2009) (noting court previously found defect in class certification as a result of summary judgment grant to defendants on some of claims).  Waiting for resolution of the motions before sending the notices would ensure that plaintiff is not later required to send amended notices in the event a summary judgment motion is filed after they are sent.  Finally, even if discovery has concluded, that alone would not preclude imposition of a stay.  See McKenzie v. Fishko, No. 12 CV 7297, 2014 WL

---

[19] Although this Court goes on to address the class certification issue, should Judge Block adopt this Court's recommendation to stay discovery and hold the motion in abeyance, he would not need to further address the class certification issue which would conserve judicial resources.

12539358, at *1 (S.D.N.Y. Mar. 6, 2014) (imposing stay where "discovery in this case concluded").  Having considered the relevant factors, the Court concludes that holding the class certification motion in abeyance and staying remaining discovery would preserve party and judicial resources.

Finally, plaintiff argues that she would be prejudiced if her motion is held in abeyance,[20] noting that it has been more than two years since her Complaint was filed; she speculates that "it could be an additional one to two years before a decision is rendered" on the motion for summary judgment.  (Pl.'s Reply VanVorst at 7; Pl.'s Reply Zwanger at 11).  In <u>Spinelli v. National Football League</u>, the court addressed a similar argument by a plaintiff, stating that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  2015 WL 7302266, at *2 (citation omitted); <u>see also</u> <u>McKenzie v. Fishko</u>, 2014 WL 12539358, at *1 (finding no prejudice where, among other factors, "the litigation history between the parties is a prolonged and adversarial one").

Considering each of the factors set forth above, the Court respectfully recommends that defendants' motion to stay all remaining discovery, with the exception of the third-party subpoenas addressed below, be granted because the resolution of the dispositive motion will "inform and perhaps moot" the question of class certification and there is no prejudice to plaintiff apart from some delay.  <u>Authors Guild, Inc. v. Google Inc.</u>, 721 F.3d at 134-35.  For the

---

[20] Plaintiff does not argue that she will be prejudiced if discovery is stayed, as she argues that discovery is largely complete.  (Pl.'s Reply VanVorst at 6; Pl.'s Reply Zwanger at 9).  Thus, the Court has only addressed the prejudice factor as applied to holding the class certification motion in abeyance.

same reasons, the Court recommends holding the class certification motion in abeyance as well. Indeed, because the resolution of the issues raised on summary judgment will inform and likely require supplemental briefing on the issue of the proper parameters of the class, and because denying a class certification motion has also been found appropriate when dispositive issues are pending, see id. at 135; Reese v. Arrow Fin. Servs., LLC, 202 F.R.D. at 93, the Court respectfully recommends denying the motion for class certification, without prejudice to renew and refile upon resolution of the dispositive motion.

## II.    Class Certification

Should the district judge disagree as to this Court's recommendation to stay discovery and resolution of the class certification motion, this Court alternatively recommends that class certification be denied.

### (a) Rule 23 Class Certification

Rule 23(a) of the Federal Rules of Civil Procedure governs class certification, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to satisfying these prerequisites, a plaintiff must satisfy one of the three subdivisions of Rule 23(b): (1) that separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive

or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.  Fed. R. Civ. P. 23(b); see generally Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).  It is a plaintiff's burden to establish compliance with the requirements of Rule 23, but in analyzing the issue of certification, the court accepts as true the allegations in the complaint regarding the merits of the claim.  See D'Alauro v. GC Servs. Ltd. P'ship, 168 F.R.D. 451, 454 (E.D.N.Y. 1996) (citation omitted).

Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, "the court can make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date."  Collier v. Montgomery Cty. Hous. Auth., 192 F.R.D. 176, 181 (E.D. Pa. 2000).  In considering a motion for class certification, the court should give Rule 23 a "broad, rather than restrictive interpretation."  Adames v. Mitsubishi Bank, Ltd., 133 F.R.D. 82, 87-88 (E.D.N.Y. 1989); see Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 179 (2d Cir. 1990), cert. denied, 498 U.S. 1025 (1991) (holding that Rule 23 should be liberally construed).

Congress recognized the propriety of class actions bringing claims under the FDCPA by providing that in such class actions, special damages should be assessed.  See 15 U.S.C. § 1692k(a)-(b); see also Talbott v. GC Servs. Ltd. P'ship, 191 F.R.D. 99 (W.D. Va. 2000). Under Section 1692k(a), an individual plaintiff may recover statutory damages[21] of up to $1,000; in a class action, the class damages are capped at $500,000 or 1% of the net worth of the

---

[21] Although the FDCPA also provides for an award of actual damages, plaintiff represents that she is seeking only statutory damages in this case.  (Compl. ¶ 64(A)(i)).

defendant, whichever is less.  15 U.S.C. § 1692k.  Given the efficiencies and cost savings presented by a class action, courts have held that class actions are particularly useful in enforcing consumer protection laws.  Talbott v. GC Servs. Ltd. P'ship, 191 F.R.D. at 101; see also Villareal v. Snow, No. 95 CV 2484, 1996 WL 28254, at *6 (N.D. Ill. Jan. 19, 1996) (noting that "[m]ost of the proposed class members are likely to be individual consumers who are unaware of their rights under the FDCPA.  Class actions in such cases are favored because even if aware of their rights, class members may lack initiative to bring suits individually").

   (b)  The Requirements of Rule 23(a)

      **1.  Numerosity**

In this case, there appears to be no dispute that the numerosity requirement of Rule 23(a) has been satisfied.  Plaintiff asserts that VanVorst has stated that "it sent 16,828 letters like the one plaintiff received during the class period."  (Pl.'s Mem. at 7).  Neither VanVorst nor Zwanger contest that 16,828 letters were sent, nor do they argue that the numerosity requirement has not been met in this case.  (See Zwanger Disc. Mot. at 12-15; VanVorst Disc. Mot. at 5-9).  Since the Second Circuit has noted that "numerosity is presumed at a level of 40 members," Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.), cert. denied, 115 U.S. 1122 (1995), the Court finds that the standard for demonstrating numerosity has been satisfied.

      **2.  Common Questions of Fact or Law**

In determining whether the plaintiff can show that the claims of the potential Rule 23 class members share common questions of law or fact, the Rule does not require that "'all

questions of law or fact raised be common.'" Savino v. Computer Credit, Inc., 173 F.R.D. 346, 352 (E.D.N.Y. 1997) (quoting Halford v. Goodyear Tire & Rubber Co., 161 F.R.D. 13, 18 (W.D.N.Y. 1995)). As long as "common questions . . . predominate," any differences in the circumstances raised by individual members will not defeat the requirement of commonality. In re Sadia, S.A. Sec. Litig., 269 F.R.D. 298, 304 (S.D.N.Y. 2010). In other words, "there need only be a single issue common to all members of the class," as the "critical inquiry is whether the common questions lay at the 'core' of the cause of action alleged." Savino v. Computer Credit, Inc., 173 F.R.D. at 352.

Here, there are common legal and factual issues. More specifically, plaintiff's claims involve: (1) whether defendants adequately identified Zwanger as the creditor in the Letter; and 2) whether defendants are a single entity such that Zwanger effectively used VanVorst as a "false name" and therefore misled the least sophisticated consumer. (Pl.'s Mem. at 3, Compl. ¶¶ 44, 46, 50-51). Where the case raises a question of law that involves "standardized conduct of the Defendant . . . a common nucleus of operative fact is typically presented and the commonality requirement . . . is usually met." D'Alauro v. GC Servs. Ltd. P'ship, 168 F.R.D. at 456. In D'Alauro, this Court held that commonality exists "where FDCPA plaintiffs have received similar debt collection letters from the defendants' mailing." Id. at 456.

Plaintiff argues that she and the class members "share a common contention that can be resolved in a single stroke: Whether the letter at issue violates the FDCPA in the ways contended by plaintiff." (Pl.'s Mem. at 8). Defendants, however, argue that plaintiff "offers no proof or facts supporting how it will establish this theory on a class wide basis." (VanVorst Disc. Mot. at

8; Zwanger Disc. Mot. at 14).  Defendants also note that the merits of the case overlap with class certification, stating that plaintiff does not "identify how she can prove through common evidence that all class members were injured."  (VanVorst Disc. Mot. at 8; Zwanger Disc. Mot. at 14).  Plaintiff responds that she has "alleged that all class members received the same form letter," and also states that defendants "omit[] to attach the evidence plaintiff has gathered that . . . supports her meritorious claim."  (Pl.'s Reply Zwanger at 3-4; see Pl.'s Reply VanVorst at 3-4).

Here, there appear to be no identified individualized questions, and the class members who received letters containing one or both of the same or similar representations invoke the common question of whether defendants' standardized practice violates the FDCPA, see Savino v. Computer Credit, Inc., 173 F.R.D. at 352, and were all allegedly injured by the same violations.  See Teachers' Ret. Sys. of La. v. ACLN Ltd., No. 01 CV 11814, 2004 WL 2997957, at *4 (S.D.N.Y. Dec. 27, 2004).  Thus, the Court finds that there are sufficient common issues to satisfy the commonality requirements of Rule 23(a)(2).

### 3. Typicality

Rule 23(a)(3) requires that the lead plaintiff's claims be typical of the claims of the class. Typicality has been found "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993).  Typicality is "usually met irrespective of varying fact patterns which underlie individual claims" so long as the claims of the class representative are typical of the class members' claims.  Bourlas v. Davis Law Assocs., 237

24

F.R.D. 345, 351 (E.D.N.Y. 2006) (quoting D'Alauro v. GC Servs. Ltd. P'ship, 168 F.R.D. at 456-57)).

Defendants contest typicality on the same grounds as commonality, stating that the two requirements "tend to merge into one another." (See VanVorst Disc. Mot. at 8; Zwanger Disc. Mot. at 13 (citing Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997))). However, the plaintiff's claims satisfy the requirements of the Rule in that her claims that defendants violated the FDCPA, like those of the other proposed members of the class, are "premised on the same practice and *standardized* form" Letter. (Pl.'s Mem. at 8-9 (emphasis in original)). Since plaintiff's and the class members' claims all stem from defendant's alleged wrongful practices and are factually identical when seen through the eyes of the "least sophisticated consumer," the plaintiff's claims are sufficiently typical to warrant certification.

### 4.  Adequacy of Representation

In order to satisfy Rule 23(a)(4), which requires the interests of the class to be adequately represented, the Second Circuit has established a two-prong test. In re Drexel Burnham Lambert Grp., 960 F.2d 285, 291 (2d Cir. 1992). First, there must be a showing that class counsel is "'qualified, experienced and generally able' to conduct the litigation." Halford v. Goodyear Tire & Rubber Co., 161 F.R.D. at 19 (quoting Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968), vacated on other grounds, 417 U.S. 156 (1974)). Second, the class members' interests, particularly that of the named plaintiff, may not be "'antagonistic'" to one another. County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1407, 1413 (E.D.N.Y. 1989), aff'd, 907 F.2d 1295 (2d Cir. 1990).

25

Pursuant to Fed. R. Civ. P. 23(g), the Court must assess the adequacy of proposed class counsel, looking to the work counsel has done in identifying and investigating the potential claims, counsel's experience in handling class actions and claims of the type at issue in the case, and counsel's knowledge of the applicable law.  See Fogarazzo v. Lehman Bros., Inc. 232 F.R.D. 176, 182 (S.D.N.Y. 2005); see also In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 436 (S.D.N.Y. 2008) (stating: "'(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation'" (quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004))); see Babcock v. Computer Assocs. Int'l, Inc., 212 F.R.D. 126, 131 (E.D.N.Y. 2003).  The Court should also consider the resources that counsel is able to commit in representing the class.

In support of the motion for class certification, plaintiff asserts that she has "retained counsel experienced in litigating class actions and consumer claims and counsel do not have any conflicting interests with the class members."  (Pl.'s Mem. at 9).  She cites to two declarations from her attorneys, Francis Greene, Esq. and Abraham Kleinman, Esq., in support of these statements, and defendants do not contest the first prong of the adequate representation requirement.  (See VanVorst Disc. Mot. at 7-8; Zwanger Disc. Mot. at 12-13).  However, these affidavits have not been provided to this Court and thus, the Court has been unable to review the experience of plaintiff's counsel necessary to determine if counsel is "well-qualified to serve as lead counsel in this matter."  In re Fuwei Films Sec. Litig., 247 F.R.D. at 439.  While this alone

26

would justify denial of the motion for class certification at this time, the Court does not base its determination on the absence of this evidence because there are other concerns suggesting that class certification is inappropriate, as addressed below.

Defendants do, however, contest plaintiff's adequacy as class representative. (VanVorst Disc. Mot. at 7-8; Zwanger Disc. Mot. at 12-13). They assert that she has "made no showing whatsoever as to her familiarity with the action, her participation in decision-making in the case, her ability or willingness to bear the costs of the action, or her understanding of the comparative merits of class and individual actions." (VanVorst Disc. Mot. at 8; Zwanger Disc. Mot. at 13). Essentially, defendants argue that plaintiff does not have "an interest in vigorously pursuing the claims of the class," which would preclude a finding of adequacy. See In re Petrobras Sec. Litig., 317 F. Supp. 3d 858, 867 (S.D.N.Y. 2018), aff'd, 784 F. App'x 10 (2d Cir. 2019).

In support of her assertion that she would be an adequate class representative, plaintiff cites to a declaration, stating that she understands the duties of a representative, "has been active in the litigation, does not have any conflicting interests with the class members, and has sought to protect the interest of class members throughout the case." (Pl.'s Mem. at 9 (citing the "Sali Decl.")). Defendants assert that this declaration is "self-serving" (VanVorst Disc. Mot. at 7; Zwanger Disc. Mot. at 13), and maintain their challenge to her adequacy as a class representative.

Like counsel's affidavits, the declaration of the plaintiff has not been filed with the Court and therefore, cannot be considered in analyzing whether or not plaintiff is an adequate class representative. Again, while other courts have denied class certification in the absence of such

27

an affidavit, see, e.g., Diaz v. Residential Credit Solutions, Inc., 297 F.R.D. 42, 52 (E.D.N.Y. 2014), the Court recognizes that plaintiff has provided an affidavit to defendants and could supplement her motion for class certification by simply filing her declaration and that of counsel with the Court.  Although it appears that plaintiff's counsel has been otherwise diligent in their motion practice and zealous in their representation, the Court is concerned that counsel's failure to provide the Court with critical documentation raises a question as to their adequacy as class representatives.  However, since the Court has determined that there are other concerns that suggest that class certification may not be appropriate, as addressed below, the Court has not relied on plaintiff's failure to provide the relevant documentation.

(c)  The Requirements of Rule 23(b)(3)

**1.  Common Questions Predominate Over Individual Issues**

Plaintiff must also establish that the proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3).  Under Rule 23(b)(3), a proposed class must be sufficiently cohesive and common issues must predominate in order to warrant adjudication as a class.  Amchem Prods., Inc. v. Windsor, 521 U.S. at 623.  Courts focus on whether common questions related to liability exist.  See Smilow v. Southwestern Bell Mobile Sys. Inc., 323 F.3d 32, 40 (1st Cir. 2003); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 372-73 (S.D.N.Y. 2007).  Even if there are defenses that affect class members differently, that "does not compel a finding that individual issues predominate over common ones."  In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 138 (2d Cir. 2001) (quoting Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288,

296 (1st Cir. 2000)) overruled on other grounds by In re IPO Secs. Litig., 471 F.3d 24 (2d Cir. 2006).

In this case, plaintiff argues that there is a "predominant issue" which "is subject to generalized proof—whether the [Letter] violates the FDCPA." (Pl.'s Mem. at 11).  If each individual class member was to bring their own suit, the member would have to prove that they received the Letter containing the same misrepresentations and omissions alleged by plaintiff in order to prevail.  Plaintiff also argues that the class issues predominate in this case over any individual issues that might affect plaintiffs differently.  (Id.)  Defendants do not contest the argument that common questions predominate over individual issues in this case.  (VanVorst Disc. Mot. at 6; Zwanger Disc. Mot. at 15).

Thus, the Court finds that common questions predominate in this case.

### 2.  Class Action as Superior Method of Resolution

Additionally, to satisfy Rule 23(b)(3), plaintiff must demonstrate that "a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Brown v. Kelly, 609 F.3d 467, 483 (2d Cir. 2010) (citation and internal quotation marks omitted).  The Rule requires the Court to consider:

> [(1)] the class members' interests in individually controlling the prosecution or defense of separate actions; [(2)] the extent and nature of any litigation concerning the controversy already begun by or against class members; [(3)] the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and [(4)] the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

As the claims in this case present straightforward questions based on the standardized language of the Letter, there does not appear to be any question of manageability.  (Pl.'s Mem. at 11-12); see Fed. R. Civ. P. 23(b)(3)(D).  Plaintiff asserts that the class is "confined to persons who received the letter at issue in New York State," and because defendants are "located on Long Island" and plaintiff "reside in Nassau County," this forum is "well-suited for easily and efficiently litigating the case."  (Pl.'s Mem. at 11-12 (citing Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d 70, 93 (2d Cir. 2015))).  According to plaintiff, "there are no other suits presently pending against these defendants" that assert similar claims.  (Id. at 12).

Lastly, plaintiff argues that the Class members are individual consumers for whom the prosecution of this case on an individualized basis would be costly and not a practical alternative.  (See id. at 12).  Moreover, plaintiff argues that, because the individual claims of class members are small and the members are dispersed, there would be little incentive for individual litigation.  (See id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. at 617)); see also United States v. City of New York, 276 F.R.D. 22, 48-49 (E.D.N.Y. 2011).

Defendants, however, contend that a class action is not a superior method in this case because the class members would receive a de minimis recovery, assuming they succeed on the merits or a settlement is reached.  (VanVorst Disc. Mot. at 6 (citing Gallego v. Northland Group Inc., 814 F.3d 123 (2d Cir. 2016) and Leyse v. Corp. Collection Servs., Inc., No. 03 CV 8491, 2006 WL 2708451, at *9 n.5 (S.D.N.Y. Sept. 18, 2006), on reconsideration in part, 2007 WL 1225547 (S.D.N.Y. Apr. 19, 2007)); Zwanger Disc. Mot. at 15 (same)).  In Gallego, the court stated:  "In concluding that Rule 23(b)(3)'s superiority requirement was not met, the District

Court pointed to the meaningless amount – 16.5 cents by our calculation – that each putative class member would receive from the settlement if all of the estimated 100,000 class members filed a claim." 814 F.3d at 129. Moreover, the court in Gallego noted that the cost of sending notice to the Class members "'would be disproportionate to the benefit accruing to the class members." Id.; see also Vandehey v. Client Servs., Inc., 390 F. Supp. 3d 956 (E.D. Wis. 2019).

Under the FDCPA, class recovery is limited to the lesser of $500,000 or 1% of the net worth of the defendant. 15 U.S.C. § 1692k(a)(2)(B). On the other hand, an individual who files an independent action may recover up to $1,000. See id. § 1692k(a)(2)(A). VanVorst asserts that its net worth is $551.93, which would result in a total recovery by the class of $5.51.[22] (VanVorst Disc. Mot. at 6). Given that there are alleged to be over 16,828 letters mailed out during the class period, this would result in each class member receiving less than one cent if they all made claims. (Id.) Zwanger states that, based on its calculations, its net worth would result in a total class recovery of $216,789.55, which would leave each class member with $12.88 if all 16,828 class members filed claims. (Zwanger Disc. Mot. at 15).

In response to this argument, plaintiff states that $12.88 is not a "huge sum but it is not *de minimis*." (Pl.'s Reply Zwanger at 7). Plaintiff argues that numerous courts, including those

---

[22] Plaintiff argues that, because Zwanger is "vicariously liable for VanVorst, its debt collector agent," the fact that each class member would receive less than a penny from VanVorst should not mean that the amount received is *de minimis*. (See Pl.'s Reply VanVorst at 4-5 (citing Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 517 (S.D.N.Y. 2013))). However, plaintiff cites no authority that stands for the proposition that vicarious liability would result in some sort of double recovery from Zwanger. In analyzing the recovery amounts available to the class, this Court relies on the calculations provided by Zwanger as to the total recovery amount in reaching the conclusion that in this case, the amount available to individual class members does not justify a finding that a class action is the superior method of resolution. See infra.

outside of the Second Circuit, have approved class certification when the sum received is much lower.  (Id. (collecting cases)).  Plaintiff relies principally on Kalish v. Karp & Kalamotousakis, LLP, in which the court found superiority even where each class member would receive "no more than $2.50."  246 F.R.D. 461, 464 (S.D.N.Y. 2007).  However, in other cases, courts have found a much higher recovery amount to be inadequate to satisfy superiority.  In Etienne v. Reliant Capital Solutions, LLC, the court found that a class action was not superior to individual actions and declined to approve class certification where each class member was to receive $174.24.  No. 16 CV 2359, 2018 WL 6335560, at *10 (E.D.N.Y. Sept. 25, 2018), report and recommendation adopted, 2019 WL 2004761 (E.D.N.Y. May 7, 2019); see Leyse v. Corp. Collection Servs., Inc., 2006 WL 2708451, at *9 n.5 (noting that superiority requirement not satisfied where "each putative class member could receive only up to $140") see also Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP, 333 F.R.D. 314, 320 (S.D.N.Y. 2019) (noting that superiority may not exist where class members' recovery "may be as little as $5.01"); cf. Peterson v. Hueston McNulty, P.C., No. 14 CV 5984, 2017 WL 11568417, at *2 (S.D.N.Y. Sept. 22, 2017) (declining to approve FDCPA settlement where parties "do not explain why $31 is adequate compensation" to plaintiffs for release of claims).

This Court is persuaded by the reasoning in Etienne, which noted the "ease" of pursuing individual litigation in an FDCPA case such as this, as well as the potential recovery of up to $1,000 as opposed to $12.88.  Etienne v. Reliant Cap. Sols., LLC, 2018 WL 6335560, at *10; see also Baum v. Ability Recovery Servs., LLC, No. 17 CV 5799, 2018 WL 4853048, at *1 (E.D.N.Y. Sept. 27, 2018).  If plaintiff establishes that the letter at issue violates the FDCPA in

any respect, other individuals would simply need to prove that they received identical letters and they could receive statutory damages of $1,000, rather than $12.88.  See Etienne v. Reliant Cap. Sols., LLC, 2018 WL 6335560, at *10 n.10 (describing the "cookie cutter" nature of additional individual FDCPA suits).  Apart from the *de minimis* recovery faced by individual class members, the Court notes from experience that the cost of sending notice and administering the claims could well exceed $20,000, which would further reduce the class's potential award or settlement amount.  See, e.g., Chen v. XpresSpa at Terminal 4 JFK LLC, No. 15 CV 1347, 2021 WL 4487835, *8 (E.D.N.Y. Oct. 4, 2021) (approving administrator fee of $23,000 where class of 740 members); Romero v. La Revise Assocs., L.L.C., 58 F. Supp. 3d 411, 423 (S.D.N.Y. 2014) (approving administrator fee of $25,000 where class of 486 members); Henry v. Little Mint, Inc., No. 12 CV 3996, 2014 WL 2199427, at *4 (S.D.N.Y. May 23, 2014) (approving administrator fee of $34,000 where class of 1,533 members).

As a result, the Court respectfully recommends a finding that class certification is not a superior method of resolution in this case and that the district court deny class certification.

### III.    Motion to Quash

Currently pending before this Court is a separate motion filed by defendant VanVorst to quash three third-party subpoenas.  The first subpoena seeks information from Martin Mack, who has "performed tax preparation services for VanVorst and Daniel VanVorst, Esq." for the requested years of 2018 – 2021.  (Quash Mot. at 3).  The second subpoena was served on Apple Bank for Savings ("Apple Bank"), requesting information regarding VanVorst's accounts.  (Id.) The third subpoena was served on 150 E. Sunrise LLC and requests information regarding past

and current tenants of the building where VanVorst allegedly rents office space.  (Id.)  Defendant VanVorst has moved to quash all three subpoenas, asserting that they seek "sensitive financial and other documents which are irrelevant and not proportional to the needs of the case."  (Id. at 2).

In opposition, plaintiff argues that VanVorst's motion to quash should be denied for three main reasons:[23]  (1) Martin Mack and Apple Bank have already produced documents in compliance with the subpoenas; (2) VanVorst lacks standing to contest the third-party subpoenas; and (3) the subpoenas seek relevant information.  (Quash Opp. at 2).  Plaintiff asserts that if there are concerns regarding confidential material, this Court should issue the Protective Order proposed by plaintiff.  (Id.; see id., Ex. 8).  Plaintiff also argues that the documents sought are relevant because they "directly contradict[] Defendants' prior sworn testimony and their responses to written discovery" as to the issue of whether VanVorst and Zwanger are separate entities.  (Id. at 9, 13).

VanVorst replies that, although plaintiff states that records have already been produced by Martin Mack and Apple Bank, plaintiff has "failed to provide copies of the documents purportedly produced."  (Quash Reply at 3 n.2, 10).  In arguing that the documents are irrelevant, VanVorst also notes that the Martin Mack and Apple Bank subpoenas request records regarding

---

[23] Plaintiff also asserts that VanVorst's motion is untimely, arguing that a motion to quash should be filed before the subpoena's time for compliance has run.  (Quash Opp. at 10-11).  However, plaintiff notes that VanVorst's motion was filed just two days after the time for compliance had run.  Moreover, the case plaintiff cites for the proposition that a motion to quash "must" be filed before the return date also states that "Courts have often exercised their discretion to consider motions to quash that were not 'timely' filed . . . ."  Ireh v. Nassau Univ. Med. Ctr., No. 06 CV 09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008), aff'd, 371 F. App'x 180 (2d Cir. 2010).  Accordingly, this Court has considered VanVorst's motion to quash, even if it would otherwise be untimely.

Daniel VanVorst, Esq., who is not a named party to this action.  (Id. at 4-5).  Further, VanVorst

argues that the documents sought are duplicative, asserting that defendants have produced

"voluminous discovery production from both defendants which details that VanVorst is a law

firm and a distinct business entity, separate and apart from Zwanger-Pesiri."  (Id. at 7).

A motion to quash a subpoena is "entrusted to the sound discretion of the district court."

In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d

711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL

1593211, at *2 (E.D.N.Y. May 31, 2007).  The party moving to quash a subpoena has the burden

of establishing "that the information that is the subject of the subpoena is not discoverable."  De

Venustas v. Venustas Int'l, LLC, No. 07 CV 4530, 2008 WL 619028, at *2 (S.D.N.Y. Mar. 5,

2008) (citing Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court

cases.  Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any

party's claim or defense. . . . Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"

Garcia v. Benjamin Grp. Enter. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R.

Civ. P. 26(b)(1)).  "'Relevance' under Rule 26 'has been construed broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that could bear on any issue

that is or may be in the case.'"  Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y.

2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  While the scope

of discovery is "broad," it is not "limitless."  Fears v. Wilhelmina Model Agency, Inc., No. 02

CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).  Further, as specified in the amended

Rule 26, discovery must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive" or "the burden or expense of

the proposed discovery outweighs its likely benefit."  Indeed, subpoenas under Rule 45, such as

the ones at issue in this case, are not intended to provide an "end-run around the regular

discovery process under Rules 26 and 34."  Burns v. Bank of Am., No. 03 CV 1685, 2007 WL

1589437, at *14 (S.D.N.Y. June 4, 2007).  "If documents are available from a party, it has been

thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from

a non-party witness pursuant to Rule 45."  Id. (citation omitted).

(a)  Mootness – Martin Mack and Apple Bank

Plaintiff states that Martin Mack and Apple Bank have both already complied with the

subpoenas and produced responsive documents.  Thus, VanVorst's motion to quash as to the

Mack and Apple Bank subpoenas is denied as moot.   See City of Almaty, Kazakhstan v. Sater,

No. 19 CV 2645, 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) (holding motion to quash

moot where subpoenaed party "has responded to the document subpoena"); Asad Gilani v.

Hewlett Packard Co., No. 15 CV 05609, 2017 WL 4236564, at *2 (S.D.N.Y. Sept. 22, 2017)

(denying motion to compel as moot where third party already produced requested document).

However, because VanVorst states that plaintiff has not produced copies of the

documents received in response to either the Mack or Apple Bank subpoenas (see Quash Reply

at 3 n.2, 10), plaintiff is Ordered to provide copies of the documents that were produced pursuant to the subpoena to both defendants by January 17, 2022.

    (b) <u>Confidentiality – Martin Mack and Apple Bank Records</u>

    VanVorst also contends that even though they have already been produced, the tax documents produced by Martin Mack are sensitive and in need of protection.  Setting aside the fact that Mr. Mack has already produced responsive documents,[24] "courts are typically reluctant to compel [tax] disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns."  <u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (citations and quotations omitted).  Plaintiff, as the "party requesting tax returns, 'bears the burden of establishing both relevancy and a compelling need for the tax returns.'"  <u>United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.</u>, 464 F. Supp. 3d 665, 670 (S.D.N.Y. 2020) (quoting <u>Xiao Hong Zheng v. Perfect Team Corp.</u>, 739 F. App'x 658, 660 (2d Cir. 2018)) <u>objections overruled sub nom.</u> <u>United States Sec. & Exch. Comm'n v. Kontilai</u>, No. 19 CV 4355, 2020 WL 4496764 (S.D.N.Y. Aug. 4, 2020).  The Apple Bank records, while not as heavily protected, may still be subject to a balancing test, in which courts "weigh the relevance or probative value of the documents being sought against the privacy interests" at issue.  <u>See</u> <u>In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.</u>, 319 F.R.D. 132, 134 (S.D.N.Y. 2016) (noting different standards of review).

---

[24] At least one court has held that, although a party has produced information pursuant to a subpoena, a party "can be ordered to return the information and [be] prohibited from using it."  <u>Sony Music Ent. Inc. v. Does 1-40</u>, 326 F. Supp. 2d 556, 561 (S.D.N.Y. 2004).

Here, the tax returns and bank records produced by Apple Bank and Mr. Mack in response to plaintiff's subpoenas are relevant to plaintiff's claim that defendants are the same entity.  See In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A., 319 F.R.D. at 135 (noting that "even assuming [the] privacy concerns are legitimate, they do not outweigh the probative value of the bank records," where records could show additional evidence of wrongdoing); Sentry Ins. v. Brand Mgmt. Inc., No. 10 CV 347, 2012 WL 3288178, at *7 (E.D.N.Y. Aug. 10, 2012) (collecting cases and allowing discovery of tax records for purpose of determining whether companies constitute the same entity).  Given their potential relevance, "any remaining privacy concerns can be substantially addressed through a confidentiality order." In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A., 319 F.R.D. at 135 (citing cases); see also Lopez v. Setauket Car Wash & Detail Ctr., No. 12 CV 6324, 2015 WL 13753675, at *4 (E.D.N.Y. May 19, 2015) (noting that concerns regarding confidentiality of bank records could be addressed through a confidentiality order); Zagroba v. York Restoration Corp., No. 10 CV 2663, 2011 WL 2133837, at *2 (E.D.N.Y. May 26, 2011) (same).  Since VanVorst has not objected to plaintiff's proposed Confidentiality Order, the Court Orders that the parties treat the documents previously produced by Mr. Mack and Apple Bank as confidential in accordance with the proposed Confidentiality Order which will be So Ordered by this Court and filed separately on ECF.

(c)  Standing – 150 E. Sunrise LLC

The third subpoena seeks information from 150 E. Sunrise LLC about the current tenants of the building where VanVorst allegedly rents office space.  In order to quash a subpoena, a

38

party must have standing.  "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (quoting Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004)); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) (explaining that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness").  When deciding whether a personal privilege or right exists, "[c]ourts should consider 'whether the information itself is private, confidential, privileged, or highly sensitive.'" Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., No. 13 CV 1654, 2014 WL 5420225, at *4 (quoting Solow v. Conseco, Inc., No. 06 CV 5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008)); see also Arias-Zeballos v. Tan, No. 06 CV 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (finding that "individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution"); Mirkin v. Winston Res., LLC, No. 07 CV 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) (finding plaintiff had "legitimate privacy interest in information regarding her performance at a subsequent employer and, therefore, ha[d] standing to bring her motion").

Importantly, "the claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served." Samad Bros., Inc. v. Bokara Rug Co., No. 09 CV 5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); see also Gomez v. J.R. Hycee Conyeor Co., Inc., No. 06 CV 2827, 2008 WL 64675, at *1 (E.D.N.Y. Jan. 4, 2008)

39

(noting that the plaintiff lacked standing to object to the subpoena at issue given the absence of any personal interest in the documents sought).  "[T]he party invoking a privilege bears the burden of establishing its applicability," and the "burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'"  In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003) (quoting United States v. Nixon, 418 U.S. 583, 710 (1974)).

Here, VanVorst is attempting to challenge a subpoena served on 150 E. Sunrise LLC, but absent a personal privilege or right, VanVorst does not have standing to quash this subpoena. Defendant claims it has a privacy interest in the documents subject to the subpoena because they "relate to the commercial building . . . [that] is VanVorst's place of business during the relevant time period."  (Quash Mot. at 2).  Moreover, defendant claims that the subpoena seeks "personal information of any past and current tenants of the building, completely unrelated to the occupation of the office space by VanVorst."  (Id. at 3).

The subpoena seeks evidence regarding rent or lease payments for VanVorst and other entities that may have rented office space in the building in question.  Clearly, the information regarding rent or lease payment of other individuals is not personal to VanVorst.  See United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (noting that there is "no authority for the proposition that a party may move to quash a nonparty subpoena in order to protect the privacy interests of other non-parties"); Universitas Educ., LLC v. Nova Grp., Inc., No. 11 CV 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (finding no privilege and therefore no standing to quash where subpoena sought "documents related to rent payments"

40

for the building defendant rented office space).  Although VanVorst asserts that it has a "privacy interest in the records maintained by its place of business" (Quash Opp. at 8), it is the place of business itself, or the tenants whose records are subject to the subpoena, who may have a privacy interest.  Critically, however, this Court has received no correspondence from 150 E. Sunrise LLC that contests the subpoena.

As to the records regarding VanVorst, defendant's conclusory assertion of a privacy interest, without any further detail as to the nature of the privilege being asserted, is insufficient to establish that it has standing to quash a subpoena filed against a third party.  Information regarding whether defendant rented space in this location and for how long is not like the type of information that would be obtained from an individual's bank or employment records, which have previously been found sufficient as a privacy interest.  See Roth v. County of Nassau, No. 15 CV 6358, 2017 WL 75753, at *2 (E.D.N.Y. Jan. 6, 2017) (finding standing where plaintiff sought to quash a subpoena for information regarding his employment records); Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc, No. 12 CV 6383, 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017) (finding no standing where motion to quash subpoena for settlement agreement where agreement did "not contain any sensitive financial, employment or business information which would implicate the type of personal privacy right that the exception was meant to protect").

Accordingly, the Court finds that defendant VanVorst has failed to carry the "heavy" burden of establishing privilege and finds that VanVorst lacks standing to quash the subpoena.

(d) <u>Relevance – 150 E. Sunrise LLC</u>

Even assuming that VanVorst could show privilege, VanVorst's argument that the subpoena should be quashed because the information sought is irrelevant or duplicative fails.  As a threshold matter, a "party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevance or undue burden."  <u>Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP</u>, No. 19 CV 7787A, 2020 WL 6323639, at *4 (S.D.N.Y. Oct. 28, 2020) (quotation omitted).  As to the issue of the alleged duplicative nature of the records, VanVorst states that the records were already produced, through testimony by the defendants, the lease agreement, and rent checks paid to 150 E. Sunrise LLC, and prove that VanVorst and Zwanger are "separate and distinct." (Quash Reply at 6-7 (citing <u>id.</u>, Exs. 7-12)).

Essentially, VanVorst asserts that, because they have already produced other documents that sufficiently show the two defendants are not the same entity, any additional documents are unnecessary.  However, because defendants intend to move for summary judgment on this issue, which is a dispositive issue in the case, plaintiff necessarily needs access to any documentation that would enable plaintiff to oppose defendants' assertions.  Documents from third parties, not just those produced by defendants, who clearly have an interest in establishing that they are distinct parties, may be the evidence plaintiff needs to successfully oppose summary judgment. <u>See</u> <u>Lopez v. Setauket Car Wash & Detail Ctr.</u>, 2015 WL 13753675, at *5 (allowing plaintiff to subpoena different financial information where defendants had already produced tax returns and noting that financial information could be used to oppose summary judgment).

Having considered VanVorst's arguments, the Court concludes that VanVorst lacks

42

standing to quash the subpoena, and even if standing existed, the arguments advanced by VanVorst are not persuasive. Accordingly, the motion to quash is denied and 150 E. Sunrise LLC must comply with plaintiff's subpoena and produce the requested documents by January 31, 2022. Plaintiff is Ordered to provide copies of the documents to defendants within five (5) days of receipt.

<u>CONCLUSION</u>

The Court respectfully recommends that the court grant defendants' motions to stay any further class discovery, with the exception of the responses to the outstanding subpoenas. Additionally, the Court recommends that the plaintiff's motion for class certification is held in abeyance and denied without prejudice to renew once there has been a resolution of defendants' motions for summary judgment. In the alternative, the Court recommends that the district judge deny plaintiff's motion for class certification as it does not satisfy the requirement that a class action is a superior method of litigation.

VanVorst's motions to quash the three non-party subpoenas are denied; to the extent they have not already done so, the third-parties are Ordered to produce the requested records by <u>January 31, 2022</u> and plaintiff is Ordered to provide those records to defendants within five (5) days of receipt. Plaintiff is Ordered to produce all other documents provided by the third-parties in response to the subpoenas by <u>January 17, 2022</u>. This production is subject to the So Ordered Protective Order, executed by the Court on January 10, 2022 and filed separately on ECF.

Any objections to the Report and Recommendation portions must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.

Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  January 10, 2022
      Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York