UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
NILGUN SALI, individually and on
behalf of all others similarly situated,

     Plaintiff,

 -against-

ZWANGER & PESIRI RADIOLOGY
GROUP, LLP; VANVORST LAW
FIRM, PLLC; and JOHN DOES 1-50,

     Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-00275-FB-CLP

*Appearances:*
*For the Plaintiff*:
ABRAHAM KLEINMAN
Kleinman, LLC
626 RXR Plaza
Uniondale, NY 11556

FRANCIS R. GREENE
Greene Consumer Law
1954 First Street, #154
Highland Park, IL 60035

*For Defendant Zwanger & Pesiri Radiology, LLP*
PATRICK MCCORMICK
Compolo, Middleton & McCormick, LLP
4175 Veterans Memorial Highway, Ste. 400
Ronkonkoma, New York 11779

*For Defendant Vanvorst Law Firm, PLLC*
MARK K. ANESH
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Ste. 2100
New York, New York 10005

**BLOCK, Senior District Judge:**

  Nilgun Sali ("Plaintiff"), individually and on behalf of others similarly situated, brought this action against Zwanger & Pesiri Radiology Group, LLP ("Zwanger"), VanVorst Law Firm, PLLC ("VanVorst"), and John Does 1-50

1

(together, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA").

On January 10, 2022, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R"), recommending that either 1) Plaintiff's pending Motion for Class Certification be held in abeyance (or denied without prejudice to renew) until the resolution of Defendants' motions for summary judgment and Defendants' motions to stay class discovery be granted, or 2) in the alternative, Plaintiff's motion for class certification be denied as it does not satisfy the superiority requirement, and the case be ordered to proceed. ECF No. 69 at 43.

Plaintiff timely objected to the R&R's recommendations. These objections trigger the Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R as follows: the Motion for Class Certification is denied without prejudice, and class discovery is stayed until Defendants' summary judgment motions are resolved.

## I.

This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

28 U.S.C. § 636(b)(1)(C). With respect to discovery and other non-dispositive matters, magistrate judges have "broad discretion," *Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), and a party seeking to overturn a magistrate judge's ruling bears a "heavy burden." *McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 242 (E.D.N.Y. 2001).

Because neither Plaintiff nor Defendants challenge the Magistrate Judge's recitation of the facts, and the Court finds no clear error in that recitation, the Court incorporates the "Factual Background" and "Procedural Background" sections of the Magistrate Judge's Report and Recommendation into this Order. *See* ECF No. 69 at 2-7; *see also J.E. ex. rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 525 (E.D.N.Y. 2012) (the Court "may. . . review for clear error. . . those portions of a report and recommendation to which no specific objections are addressed").

Similarly, the R&R denies VanVorst's motion to quash certain third-party subpoenas, orders compliance with those subpoenas and production to Defendants of the documents that have already been produced. Neither party objects, and the Court adopts this part of the R&R.

## II.

The R&R recommends two options for resolving the Motion for Class Certification: dismissal with prejudice and dismissal without prejudice.[1] Plaintiff objects and urges this Court to grant her Motion for Class Certification or, if the motion is dismissed without prejudice, to allow merits discovery to be completed. For the following reasons, the Court overrules Plaintiff's objections.

**A. The Motion for Class Certification is dismissed without prejudice.**

Plaintiff objects to the recommendation that the Motion be dismissed without prejudice until summary judgment because delaying a ruling would save very little resources, Plaintiff and the potential class are prejudiced by a delay, and the merits of Defendants' motion are overstated. The Court agrees with the Magistrate Judge's reasoning, ECF No. 69 at 13-20, and overrules the Plaintiff's objections.

First, the merits warrant denial of the Motion at this time. The Magistrate Judge's findings on the superiority of class action are reasonable. The R&R and record support a finding that class action is not the superior method of litigation because the potential award may be *de minimis*. Plaintiff raises several issues about the basis of that finding, in particular the Defendants' net worth, the size of the potential class, and the correct threshold for finding a *de minimis* award in the

---

[1] In their opposition to the Plaintiff's motion, Defendants seek abeyance until after summary judgment. The R&R appears to view holding the Motion in abeyance and dismissing it without prejudice as essentially the same. Therefore, the Court will not analyze the two options separately.

context of an FDCPA claim. ECF No. 71 at 2. These are considerations that may change the outcome of the Motion after more factfinding and re-argument. However, they are contested or unknown at this time. Based on the available information, the Court agrees a denial is warranted.

While further factfinding may uncover the unknown or contested facts, a finding that one or both Defendants are not liable under the FDCPA would moot this Motion in whole or in part. Deferring a final ruling—whether through abeyance or dismissal without prejudice—allows the Plaintiff to substantiate its position when those unknowns are determined. The Magistrate Judge's possible overestimation of the resources saved by deferring does not undermine her recommendation.

Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss the Motion without prejudice.

## B. It was within Magistrate Judge Pollak's discretion to stay discovery.

Plaintiff objects to the discovery holding. Defendants sought to bifurcate merit-based and class certification discovery and allow only merit-based discovery to be completed before summary judgment. The parties agreed that discovery has been substantially completed, and the Magistrate analyzed that request as a stay of additional discovery. She recommended "stay[ing] all remaining discovery." Plaintiff requests that she be able to complete merits discovery before summary judgment.

5

The Magistrate Judge has broad discretion regarding discovery rulings. *See Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990). The Court adopts the R&R to the extent that class discovery should be stayed until summary judgment has been decided and clarifies that Plaintiff may complete merits discovery.

## CONCLUSION

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRRULED**, and the Report and Recommendation is **ADOPTED** as follows: merits discovery will be completed; class discovery is stayed until after summary judgment; and the motion for class certification is denied without prejudice to refile after summary judgment.

**SO ORDERED.**

                                                            _/S/ Frederic Block_
                                                            FREDERIC BLOCK
                                                            Senior United States District Judge

Brooklyn, New York
March 17, 2022