UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
NILGUN SALI, individually and on
behalf of all others similarly situated,

              Plaintiff,

    -against-

ZWANGER & PESIRI RADIOLOGY
GROUP, LLP, VANVORST LAW
FIRM, PLLC, and JOHN DOES 1-50,

              Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-275-FB-CLP

*Appearances:*
*For the Plaintiff:*
FRANCIS R. GREENE
Greene Consumer Law
1954 First Street, #154
Highland Park, Illinois 60035

ABRAHAM KLEINMAN
Kleinman LLC
626 RXR Plaza
Uniondale, New York 11556

*For Zwanger & Pesiri Radiology
Group, LLP:*
PATRICK  McCORMICK
Campolo, Middleton &McCormick,
LLP
4175 Veterans Memorial Highway,
Suite 400
Ronkonkoma, New York 11779

*For VanVorst Law Firm, PLLC*
MARK K. ANESH
Lewis Brisbois Bisgaard & Smith,
LLP
77 Water Street, Suite 2100
New York, New York 10005

**BLOCK, Senior District Judge:**

    In 2021, the Supreme Court held that plaintiffs with claims for statutory

damages under the Fair Credit Reporting Act ("FCRA") lacked constitutional

standing unless they have suffered concrete harm having a "close relationship to harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (internal quotation marks omitted). The parties have submitted letter briefs addressing the effect of *Ramirez* on the plaintiff's standing to assert claims for statutory damages under the Fair Debt Collection Practices Act ("FDCPA").

The Court treats the parties' letters as a fully briefed motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the . . . constitutional power to adjudicate it."). For the following reasons, the motion is granted.

## I

In December of 2018, Nilgun Sali received a letter from the VanVorst Law Firm ("VanVorst"). The letter stated that VanVorst was "acting in [its] capacity as a debt collector" on behalf of its client, Zwanger & Pesiri Radiology Group ("Zwanger"), and that, according to Zwanger's records, Sali had a balance due of $129.13.

Sali brought a putative class action against VanVorst and Zwanger under the FDCPA. She alleges that VanVorst "only operates under the exclusive control of

2

ZWANGER," Compl. ¶ 31, and therefore, that the letter violated—among other provisions of the FDCPA—the act's explicit ban on any communication from a debt collector containing "the false representation or implication that any individual is an attorney or that the communication is from an attorney."   15 U.S.C. § 1692e(3).   She seeks "statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court" on behalf of herself and "all others similarly situated."  Compl. ¶ 8.

On November 20, 2020, the Court held that the complaint plausibly alleged that VanVorst was under Zwanger's exclusive control and, accordingly, denied both defendants' motions to dismiss for failure for state a claim; the issue of standing was not raised or addressed.  On March 18, 2022, the Court denied Sali's motion for class certification without prejudice to renewal upon resolution of defendants' anticipated motions for summary judgment.  Those motions have not yet been submitted because the standing issue was raised during discovery.

## II

The "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).  "Where, as

here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* at 338 (internal quotation marks and alteration omitted).

"Injury in fact is a constitutional requirement, and  it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 339 (internal quotation marks and alteration omitted).  As noted, the Supreme Court recently elaborated that "courts should assess whether the alleged [statutory] injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Ramirez*, 141 S. Ct. at 2204.  The test is not whether the injury is "an exact duplicate" of a traditionally recognized harm, but rather whether it has a "close historical or common-law analogue." *Id.*  The "most obvious" analogues are physical injury and monetary harm, but certain intangible harms—including "reputational harm, disclosure of private information, and intrusion upon seclusion"—will also suffice. *Id.*

The Court then applied its test the facts of the case, which involved a claim that a credit reporting bureau had incorrectly flagged 8,185 individuals as "terrorists, drug traffickers, or other serious criminals." *Id.* at 2201.  It held that 1,853 had standing because their allegedly nefarious status had been disclosed to third parties, and that "the harm from a misleading statement of this kind bears a

sufficiently close relationship to the harm from a false and defamatory statement." *Id.* at 2209.

By contrast, the Supreme Court held that the 6,332 class members whose status had not been disclosed to third parties lacked standing because "there is no historical or common-law analog where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury." *Id.* (internal quotation marks omitted); *see also id.* ("Publication is 'essential to liability' in a suit for defamation." (quoting Restatement of Torts, § 577 cmt. a)). In other words, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* at 2210.

Although *Ramirez* involved a claim for statutory damages under the FCRA, several judges in this district have applied its reasoning to claims for statutory damages under the FDCPA. *See Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134 (E.D.N.Y. 2021); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, 2022 WL 1124828 (E.D.N.Y. Apr. 14, 2002); *Ciccone v. Cavalry Portfolio Servs., LLC*, 2021 WL 5591725 (E.D.N.Y. Nov. 29, 2021). However, the Court's research has not revealed any cases dealing specifically with *Ramirez*'s impact on the act's ban on false or misleading representations of attorney involvement.

Nevertheless, the Court easily concludes that the statutory damages recoverable for a violation of the ban do not, without more, have a "close historical

or common-law analogue" to a constitutionally sufficient concrete harm.  The most obvious candidate is a claim for negligent or intentional misrepresentation, but both require actual damages flowing from "some form of reliance."  *Wolkenfeld*, 2022 WL 1124828, at *3.  The complaint contains no allegations as to how Sali relied on the letter, or how such reliance caused her concrete pecuniary or other harm.

To be sure, Sali also seeks unspecified equitable relief, which could conceivably include a declaratory judgment or injunction.  A risk of future harm "can sometimes 'satisfy the requirement of concreteness.'"  *Ramirez*, 141 S. Ct. at 2210 (quoting *Spokeo*, 578 U.S. at 341-42).  But that logic does not apply here.  A future violation of the same statutory provision will result in precisely the same harm and, for the reasons stated, that harm is not sufficient to confer standing.

Finally, Sali argues that any dismissal for lack of jurisdiction must be without prejudice.  The Second Circuit has squarely held that "where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice," *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 54 (2d Cir. 2016), and the Court must follow that mandate.

### III

For the following reasons, the motion to dismiss for lack of subject-matter jurisdiction is granted.  Since such a dismissal does not constitute an adjudication

of the merits of Sali's claim under the FDCPA, the case is dismissed without prejudice.

**SO ORDERED.**


  _/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 21, 2022